FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

2013 FEB 15 PM 1: 01

Orlando Division

Case No.

16:13-CV- 261 -ORL·28-GJK

CONNIE MARTIN and
WILLIAM MARTIN,

     Plaintiffs,

vs.

CONCORD SERVICING
CORPORATION, d/b/a Blackwell
Recovery, a foreign corporation,

     Defendant.

_____/

# **COMPLAINT AND DEMAND FOR JURY TRIAL**

     Plaintiffs, CONNIE MARTIN and WILLIAM MARTIN, by and through their undersigned counsel, hereby sue the Defendant, CONCORD SERVICING CORPORATION, d/b/a Blackwell Recovery (hereinafter referred to as "Defendant" or "CONCORD SERVICING CORPORATION"), and allege as follows:

     1.     This is an action under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§1692-1692o, and the Florida Consumer Collection Practices Act seeking actual damages, statutory damages, attorney's fees and costs.

2.     Venue in this judicial district is proper under 28 U.S.C. §1391(b).   All of the actions and omissions forming the basis for this lawsuit occurred within this district.

3.     This Court has jurisdiction over the subject matter by virtue of Section 813 (d) of Fair Debt Collection Practices Act, 15 U.S.C. §§1692k(d), and 28 U.S.C. §§1331, 1337, and 1367.

4.     Plaintiffs, CONNIE MARTIN and WILLIAM MARTIN (hereinafter referred to as "Plaintiffs" or "MARTINS"), bring this action for illegal practices of Defendant CONCORD SERVICING CORPORATION, who used false, deceptive and misleading practices, and other illegal practices, in connection with its attempts to collect an alleged debt from the Plaintiffs.

5.     Plaintiffs allege that CONCORD SERVICING CORPORATION and its debt collector employees, violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA"), and the Florida Consumer Collection Practices Act, Fla. Stat. §§ 559, et seq. ("FCCPA").

6.     The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another.   The United States Congress has found abundant evidence of the use of abusive, deceptive, and

unfair debt collection practices by many debt collectors, and has determined that

abusive debt collection practices contribute to a number of personal bankruptcies,

marital instability, loss of jobs, and invasions of individual privacy. Congress

enacted the FDCPA to eliminate abusive debt collection practices by debt collectors,

to ensure that those debt collectors who refrain from using abusive debt collection

practices are not competitively disadvantaged, and to promote uniform State action

to protect consumers against debt collection abuses. 15 U.S.C. § 1692(a) - (e).

7. The FDCPA is a strict liability statute, which provides for actual or

statutory damages upon the showing of one violation. The Eleventh Circuit has

held that whether a debt collector's conduct violates the FDCPA should be judged

from the standpoint of the "least sophisticated consumer." *LeBlanc v. Unifund*

*CCR Partners*, 601 F.3d 1185 (11th Cir. 2010).

8. To prohibit harassment and abuses by debt collectors the FDCPA, at 15

U.S.C. § 1692d, provides that a debt collector may not engage in any conduct the

natural consequence of which is to harass, oppress, or abuse any person in

connection with the collection of a debt and names a non-exhaustive list of certain

per se violations of harassing and abusive collection conduct. 15 U.S.C. §

1692d(1)-(6).

9. To prohibit deceptive practices, the FDCPA, at 15 U.S.C. § 1692e,

outlaws the use of false, deceptive, and misleading collection letters and names a

non-exhaustive list of certain per se violations of false and deceptive collection conduct. 15 U.S.C. § 1692e(1)-(16).

## I. PARTIES-PLAINTIFFS

10.   Each of the Plaintiffs, CONNIE MARTIN and WILLIAM MARTIN, is a natural person who, at all times relevant to this complaint, resided in Deltona, Florida.

11.   Each of the Plaintiffs, CONNIE MARTIN and WILLIAM MARTIN, is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and Fla. Stat. § 559.

12.   Each of the Plaintiffs is a "debtor" as that term is defined by Fla. Stat. § 559.55(2).

13.   Plaintiffs are alleged to have incurred a financial obligation to CS Paradiso Holdings, LLC for primarily personal, family, or household purposes, which is, therefore, a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and Fla. Stat. § 559.55(1).

## II.  PARTY-DEFENDANT

14.   CONCORD SERVICING CORPORATION is, at all times relevant to this complaint, a for-profit corporation and collects, and attempts to collect, debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using the U.S. Mail,

telephone, and Internet.

15.   CONCORD SERVICING CORPORATION is a "debt collector" as
that term is defined by 15 U.S.C. § 1692a(6) and Fla. Stat. § 559.55(6).

16.   CONCORD SERVICING CORPORATION is engaged in the business
of soliciting consumer debts for collection and/or collecting consumer debts and,
therefore, is a "Consumer Collection Agency" as that term is defined by 15 Fla. Stat.
§ 559.55(7).

## IV. FACTS

17.   Plaintiffs, CONNIE MARTIN AND WILLIAM MARTIN, are alleged
to have incurred a financial obligation to CS Paradiso Holdings, LLC as assignee
from National Recreational Properties of Tellico Village, LLC, and are alleged to
have defaulted on that obligation.

18.   The foregoing alleged financial obligation owed to CS Paradiso
Holdings, LLC as assignee from National Recreational Properties of Tellico Village,
LLC is a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and Fla. Stat. §
559.55(1).

19.   CONNIE MARTIN AND WILLIAM MARTIN are informed and
believe that to CS Paradiso Holdings, LLC as assignee from National Recreational
Properties of Tellico Village, LLC either directly or through mesne transactions
assigned, placed, transferred, or sold the alleged debt to CONCORD SERVICING

CORPORATION for collection.

20.    At all times material hereto, the Defendant was a "creditor" as that term is defined by Section 803 (4) of the FDCPA, 15 U.S.C. §1692a(4).

21.    Defendant regularly uses the mails and telephone in a business the principal purpose of which is the collection of debts.

22.    Defendant is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

23.    On October 24, 2012 Defendant's employee wrote a letter to Plaintiffs demanding payment of $10,634.00.

24.    The attachments to the letter referred to in the preceding paragraph clearly and prominently indicated that basis for the alleged debt was a non-recourse note.

25.    The Contract for Deed between Plaintiffs and National Recreational Properties of Tellico Village, LLC clearly and prominently states that:

> THE AMOUNT FINANCED SHALL BE EVIDENCED BY BUYER'S PROMISSORY NOTE.   IN THE EVENT OF BUYER'S DEFAULT, SELLERS SOLE REMEDY SHALL BE TO TERMINATE THIS CONTRACT.

26.     The statements in the letter from Defendant to Plaintiff demanding payment were false, misleading and deceptive.

27.     There is no legal or factual basis for the Defendant demanding payment from the Plaintiffs based on the letter dated October 24, 2012.

28.     By and through its letter to Plaintiffs dated October 24, 2012, Defendant was claimed, attempted and threatened to enforce a debt when Defendant knew that the debt was not legitimate

29.     By and through its letter to Plaintiffs dated October 24, 2012, Defendant asserted the existence of a legal right when Defendant knew that such right did not exist.

30.     The letter to Plaintiffs from Defendant dated October 24, 2012, is a "communication" as that term is defined by 15 U.S.C. § 1692a(2) and Fla. Stat. § 559.55(5).

31.     The letter to Plaintiffs from Defendant dated October 24, 2012, is a "communication" as that term is defined by 15 U.S.C. § 1692a(2) and Fla. Stat. § 559.55(5).

## COUNT I
## FAIR DEBT COLLECTION PRACTICES ACT

32.     The allegations in paragraphs 1 through 31 are incorporated by reference herein.

33.    The communication from the Defendant in the form of the letter

dated October 24, 2012 was in violation of Section 807 of the FDCPA, 15

U.S.C. §1692e(1) which provides:

> A debt collector may not use any false, deceptive, or misleading
> representation or means in connection with the collection of any debt.
> Without limiting the general application of the foregoing, the following
> conduct is a violation of this section:
>
> *              *              *              *
>
> (2) The false representation of—
>
> (A ) the character, amount, or **legal status of any debt**; (emphasis
> supplied).

34.    The acts and omissions of Defendant's agents, and the other debt

collectors employed as agents by Defendant who communicated with Plaintiff

as described herein, were committed within the time and space limits of their

agency relationship with their principal, Defendant.

## TRIAL BY JURY

Plaintiffs are entitled to and hereby respectfully demand a trial by

jury on all issues so triable. US Const. amend. 7, Fed.R.Civ.P.   38.

WHEREFORE, Plaintiffs pray for this Court:

a.    To declare that Defendant has violated the FDCPA;

b.    To award Plaintiffs actual damages sustained as a result of the

Defendant's failure to comply with the FDCPA;

c.      To award each of the Plaintiffs statutory damages not to exceed $1,000.00;

d.      To award each of the   Plaintiff reimbursement for such expenses as have been required to expend to prosecute this claim;

e.      To award Plaintiffs their reasonable attorney's fees pursuant to 15 U.S.C. §1692k;

f.      To award such other and further relief as the Court deems proper.

## COUNT II
## FLORIDA CONSUMER COLLECTION PRACTICES ACT

35.     The allegations in paragraphs 1 through 31 are incorporated by reference herein.

36.     Each of the Plaintiffs, CONNIE MARTIN and WILLIAM MARTIN, is an individual who resides in Volusia County, Florida.

37.     Each of the Plaintiffs is a "debtor" or "consumer" as defined by §559.55(2), Fla. Stat.

38.     Defendant is a person as defined in §1.01(3), Fla. Stat.

39.     Defendant has knowledge and control of the collection activities of its agents and representatives, including but not limited to supervisors, managers, affiliates, subsidiaries, divisions, employees, servants, partners, agents, vendors,

assignees, transferees, collectors and/or contractors, for the alleged debt that is the subject of this lawsuit.

40.     Defendant is a registered foreign corporation, engaged in collecting debts in this state with its principal place of business located at 4725 N Scottsdale Road, Scottsdale, AZ 85251.

41.     Section 559.72 of the Florida Statutes provides, in part, as follows:

> Prohibited practices generally. — In collecting consumer debts, no person shall:
>
> *                    *                    *
>
> (9)   Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist.

42.     Defendant has knowledge and control of the collection activities of its agents and representatives, including but not limited to supervisors, managers, affiliates, subsidiaries, divisions, employees,   servants, partners, agents, vendors, assignees, transferees, collectors and/or contractors, for the alleged debt that is the subject of this lawsuit.

43.     The tactics employed by Defendant have caused Plaintiffs considerable worry, embarrassment, frustration, anger, distress, and concern that this organization would go to this extent to collect a debt.

44.    The emotional distress has strained Plaintiffs' relationships with family and friends.

45.    Plaintiffs damages pursuant to Florida Statutes including §559.77 have continued and are continuing as of the filing of this complaint.

46.    All conditions precedent to the filing of this action have occurred, been fulfilled or waived.

47.    Inasmuch as the Defendant's claims did not exist as to Plaintiffs, this was reasonably expected to abuse or harass the Plaintiffs.

48.    Inasmuch as the Defendant's claims as to Plaintiffs, are unenforceable, they were not legitimate debts.

49.    Inasmuch as the Defendant's claims are invalid and unenforceable as Plaintiffs, the debt is not legitimate.

50.    Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

51.    As a result of the above violations of the Florida Consumer Collection Practices Act, the Defendant is liable to the Plaintiffs for injunctive and declaratory relief and actual damages, statutory damages, and attorneys' fees and costs.

52.    Defendant's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Fla. Stat. §559.77.

53.     Plaintiffs are entitled to damages under Fla. Stat. §559.77.

WHEREFORE, Plaintiffs respectfully pray that judgment be entered against the Defendant for the following:

A.     Declaratory judgment that Defendant's conduct violated the Florida Consumer Collection Practices Act and declaratory and injunctive relief for the Defendant's violations of the FCCPA.

B.     That Defendant be enjoined from any and all further illegal collection practices.

C.     Actual damages to each Plaintiff herein pursuant to Fla. Stat. §559.77(2).

D.     Statutory damages to each Plaintiff herein pursuant to Fla. Stat. §559.77(2).

E.     Costs and reasonable attorney's fees pursuant to Fla. Stat. §559.77(2).

F.     For such other and further relief as may be just and proper.

DATED this 15 February 2013.

N. James Turner, Esq.
Counsel for Plaintiffs
Florida Bar No. 0203041
37 N. Orange Avenue
Suite 500
Orlando, FL 32801
(888) 877-5103
Email address:   njtlaw@gmail.com